## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO.**  15-cr-00187-WS |
| | ) | |
| MICHAEL P. BARBOUR | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLEA AGREEMENT

The United States of America and Michael P. Barbour ("defendant") hereby

enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the

Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## RIGHTS OF DEFENDANT

1.    The defendant understands his rights:

    (a)    to be represented by an attorney;

    (b)    to be charged by Indictment;

    (c)    to plead not guilty to any criminal charge brought against him;

    (d)    to have a trial by jury, at which he would be presumed not

guilty of the charge and the United States would have to prove every

essential element of the charged offense beyond a reasonable doubt for him

to be found guilty;

    (e)    to confront and cross-examine witnesses against him and to

RECEIVED
U.S. ATTORNEY'S OFFICE

2015 AUG 26  P 3: 15

SOUTHERN DISTRICT
OF ALABAMA

subpoena witnesses in his defense at trial;

      (f)    not to be compelled to incriminate himself;

      (g)    to appeal his conviction, if he is found guilty; and

      (h)    to appeal the imposition of sentence against him.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.    The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2241 or 2255 that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 12 of this Plea Agreement, regardless of how the sentence is determined by the Court. The defendant further knowingly, voluntarily and expressly waives the right to raise any defense or objection based on the statute of limitations or any statutory or constitutional right to a speedy trial.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b).  Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that he does not currently know of any evidence of ineffective assistance of

counsel or prosecutorial misconduct.  Pursuant to Fed. R. Crim. P. 7(b), the

defendant has waived indictment and is pleading guilty to a two-count Information.

Count One of the Information charges the defendant with participating in a

conspiracy to suppress and eliminate competition by rigging bids for the purchase

of real estate at public foreclosure auctions, beginning at least as early as June

2003, and continuing until at least February 2010, in violation of the Sherman

Antitrust Act, 15 U.S.C. § 1.  Count Two of the Information charges the defendant

with participating in a conspiracy to commit mail fraud in relation to real estate

foreclosure auctions, beginning at least as early as June 2003, and continuing until

at least February 2010, in violation of 18 U.S.C. § 1349.

    3.    The defendant, pursuant to the terms of this Plea Agreement, will

plead guilty to the criminal charges described in Paragraph 2 above and will make

a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as

set forth in the Factual Resume referenced in Paragraph 4 below.  The United

States agrees that at the arraignment, it will stipulate to the release of the defendant

on his personal recognizance, pursuant to 18 U.S.C. § 3142, pending the

sentencing hearing in this case.

## FACTUAL BASIS FOR OFFENSE CHARGED

    4.    A separate document, entitled Factual Resume, will be submitted to

the Court as evidence at the plea hearing.  The Factual Resume is incorporated by

3

reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not a part of this agreement and are not agreed to by the United States.

## POSSIBLE MAXIMUM SENTENCE

5.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Section One of the Sherman Antitrust Act, in Count One, is:

(a)     a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b)     a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1; 18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") §5D1.2(a)(2)).

6.     The defendant understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 18 U.S.C. § 1349, in Count Two, is:

(a)     a term of imprisonment for twenty (20) years (18 U.S.C. § 1341);

(b)     a fine in an amount equal to the greatest of (1) $250,000, (2) twice the pecuniary gain derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime (18 U.S.C. § 3571(b) and (d)); and

(c)     a term of supervised release of three (3) years following any term of imprisonment.  If the defendant violates any condition of supervised release, the defendant could be required to serve up to two (2) years in prison (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2));

7.     In addition, the defendant understands that:

(a)     pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), the Court shall order him to pay restitution to the victims of the charged Title 18 offense; and   (b)     pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for each charged crime, totaling $200.00.

    ii.    Conduct involved agreement to submit non-competitive

           bids, U.S.S.G. §2R1.1(b)(1)          +1

    iii.   Volume of commerce adjustment, U.S.S.G.

           §2R1.1          +0

    iv.    Fine calculated as one to five percent of the volume of

           commerce (stipulated to be $180,695.00) but not less

           than $20,000, see U.S.S.G. §2R1.1(c)(1):  $20,000

Offense Level Total:          13

  (b)   For Count Two (18 U.S.C. § 1349)

    i.    Base Offense Level, U.S.S.G. §2B1.1(a)(1)    7

    ii.   Loss > $200,000, U.S.S.G. §2B1.1(b)(1)(G)   +12

    iii.  10 or more victims, U.S.S.G. §2B1.1(b)(2)(A)(i)  +2

    iv.   Fine,  U.S.S.G. §5E1.2(c)(3): $7,500 to $75,000

Offense Level Total:          21

  (c)   Pursuant to U.S.S.G. §§3D1.2 and 3D1.3, the counts involved offenses of the same general type to which different Guidelines apply; therefore the offense Guideline to be applied is the highest offense level.

  (d)   For the purposes of U.S.S.G. §3E1.1, a 3-level reduction of the offense level for the defendant's acceptance of responsibility is appropriate. However, should the United States obtain or receive additional evidence or

## SENTENCING GUIDELINES

8.     The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used to increase the volume of affected commerce or fraud loss attributable to the defendant or in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

9.     The United States and the defendant agree that the following sentencing guidelines apply:

> (a)     For Count One (15 U.S.C. § 1)
>
> > i.     Base Offense Level, U.S.S.G. §2R1.1(a)                12

6

information prior to sentencing that, in its sole discretion, it determines to be credible and materially in conflict with this stipulation, then the United States shall no longer be bound by this stipulation;

(e)     The United States and the defendant are not aware of any information that would affect the defendant's Criminal History Category.  If no other information were discovered, the defendant's Criminal History Category would be I.  The parties understand that the defendant's Criminal History Category is determined by the Court.

10.     The defendant understands that the Court will impose the sentence in this case.  The defendant has reviewed the application of the Guidelines with his attorney and understands that no one can predict with certainty what the sentencing range will be in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation.

11.     The defendant understands that the United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation.  Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

## **SENTENCING AGREEMENT**

12.     Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States agrees that

it will recommend, as the appropriate disposition of this case, that the Court

impose a sentence containing a period of imprisonment of not more than 18

months.  The United States agrees that the defendant may recommend the

imposition of a sentence resulting in a period of incarceration of less than 18

months.  The United States and the defendant agree to recommend jointly that the

Court impose a fine of $20,000 payable in full before the fifteenth (15th) day after

the date of judgment, and require the defendant to pay restitution in an amount not

less than $104,039.31, pursuant to 18 U.S.C. §§ 3556 and 3663(A).  The terms

contained in this paragraph above constitute "the recommended sentence."  The

United States will not object to the defendant's request that the Court make a

recommendation to the Bureau of Prisons that the Bureau of Prisons designate that

the defendant be assigned to a Federal Minimum Security Camp to serve any

sentence of imprisonment and that the defendant be released following the

imposition of sentence to allow him to self-surrender to the assigned prison facility

on a specified date.  The parties agree that there exists no aggravating or mitigating

circumstance of a kind, or to a degree, not adequately taken into consideration by

the U.S. Sentencing Commission in formulating the Sentencing Guidelines

justifying a departure pursuant to U.S.S.G. §5K2.0.

(a)     The defendant understands that the Court will order him to pay a $200 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A) in addition to any restitution imposed.

13.     The Guidelines imprisonment range in Paragraph 9 above exceeds the term of imprisonment that the United States will recommend pursuant to Paragraph 12 above.  Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 16 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §5K1.1, for a downward departure from the Guidelines imprisonment range in this case of at least three (3) levels because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law involving the purchase of real estate at public foreclosure auctions in Alabama, and any other federal investigation resulting therefrom.

14.     Subject to the full, truthful, and continuing cooperation of the defendant as defined in Paragraph 16 of this Plea Agreement, and prior to sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and his commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the

charged offenses, and all other relevant conduct.  To enable the Court to have the benefit of all relevant sentencing information, the United States may request, and the defendant will not oppose, that sentencing be postponed until his cooperation is complete.

15.    The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 12 of this Plea Agreement.  The defendant understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the recommended sentence contained in this Agreement, he nevertheless has no right to withdraw his plea of guilty.

## DEFENDANT'S COOPERATION

16.    The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the purchase of real estate at public foreclosure auctions in Alabama, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding").  The full, truthful, and continuing cooperation of the defendant shall include, but not be limited to:

(a)     producing all non-privileged documents, including claimed

personal documents, and other materials, wherever located, in the

possession, custody, or control of the defendant, requested by attorneys and

agents of the United States;

(b)     making himself available for interviews, not at the expense of

the United States, upon the request of attorneys and agents of the United

States;

(c)     responding fully and truthfully to all inquiries of the United

States in connection with any Federal Proceeding, without falsely

implicating any person or intentionally withholding any information, subject

to the penalties of making false statements (18 U.S.C. § 1001) and

obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any

non-privileged material or information, not requested in (a) - (c) of this

paragraph, that he may have that is related to any Federal Proceeding; and

(e)     when called upon to do so by the United States in connection

with any Federal Proceeding, testifying in grand jury, trial, and other

judicial proceedings, fully, truthfully, and under oath, subject to the penalties

of perjury (18 U.S.C. § 1621), making false statements or declarations in

grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401 - 402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*).

## GOVERNMENT'S AGREEMENT

17.     Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 16 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of sentence, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust or mail fraud conspiracy involving the purchase of real estate at public foreclosure auctions in Alabama ("Relevant Offense").  The non-prosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

## REPRESENTATION BY COUNSEL

18.     The defendant has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation.  The defendant has thoroughly reviewed this Plea Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Plea Agreement and alternatives available to the defendant other than entering into this Plea Agreement.  After conferring with his attorney and considering all

available alternatives, the defendant has made a knowing and voluntary decision to

enter into this Plea Agreement.

## VOLUNTARY PLEA

19.     The defendant's decision to enter into this Plea Agreement and

to tender a plea of guilty is freely and voluntarily made and is not the result of

force, threats, assurances, promises, or representations other than the

representations contained in this Plea Agreement.  The United States has made no

promises or representations to the defendant as to whether the Court will accept or

reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

20.     The defendant agrees that, should the United States determine in good

faith, during the period that any Federal Proceeding is pending, that the defendant

has failed to provide full, truthful, and continuing cooperation, as defined in

Paragraph 16 of this Plea Agreement, or has otherwise violated any provision of

this Plea Agreement, the United States will notify the defendant or his counsel in

writing by personal or overnight delivery or facsimile transmission and may also

notify his counsel by telephone of its intention to void any of its obligations under

this Plea Agreement (except its obligations under this paragraph), and the

defendant shall be subject to prosecution for any federal crime of which the United

States has knowledge including, but not limited to, the substantive offenses relating

to the investigation resulting in this Plea Agreement.  The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any Relevant Offense, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

21.     The defendant understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of the Plea Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, the defendant unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## **ENTIRETY OF AGREEMENT**

22.     This Plea Agreement and its incorporated Factual Resume constitute the entire agreement between the United States and the defendant concerning the

disposition of the criminal charges in this case.  This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

23.   The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.


Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 8/7/2015

/S/
Deana L. Timberlake-Wiley
Trial Attorney
Antitrust Division
United States Department of Justice
Deana.Timberlake-Wiley@usdoj.gov


/S/
Susan A. Musser
Susan.Musser@usdoj.gov
Trial Attorney
Antitrust Division
United States Department of Justice

I have consulted with my counsel and fully understand all my rights with respect to the offenses charged in the Information pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 8/21/15

/S/ Michael P. Barbour
Michael P. Barbour
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offenses charged in the Information in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 8/24/15

/S/
Neil S. Hanley
Attorney for Defendant
nhlawoffice@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO.** |
| | ) | **FILED UNDER SEAL** |
| MICHAEL P. BARBOUR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## FACTUAL RESUME

The defendant, Michael P. Barbour, admits the allegations of Counts One

and Two of the Information.

## ELEMENTS OF THE OFFENSES

The defendant understands that in order to prove a violation of Title 15,

United States Code, Section 1, as charged in Count One of the Information, the

United States must prove:

<u>First</u>:  There was a combination or conspiracy to restrain trade during the time alleged in the Information;

<u>Second</u>:  The defendant knowingly joined the conspiracy; and

<u>Third</u>:  The activity was in the flow of or substantially affected interstate or foreign commerce.

The defendant understands that in order to prove a violation of Title 18,

United States Code, Section 1349, as charged in Count Two of the Information, the

United States must prove:

First:     Two or more persons, in some way or manner, agreed to try to
           accomplish a common and unlawful plan to commit mail fraud;
           and

Second:    The defendant knew the unlawful purpose of the plan and
           willfully joined in it.

The defendant understands that the elements of the underlying offense of mail

fraud, Title 18, United States Code, Section 1341, are as follows:

First:     The defendant knowingly devised or participated in a scheme to
           defraud someone, or obtain money or property, using false and
           fraudulent pretenses, representations, or promises;

Second:    The false and fraudulent pretenses, representations, or promises
           were about a material fact;

Third:     The defendant intended to defraud someone; and

Fourth:    The defendant used the United States Postal Service, or private
           or commercial carrier, by mailing or by causing to be mailed
           something meant to help carry out the scheme to defraud.

## OFFENSE CONDUCT

The defendant admits in open court and under oath that the following

statement is true and correct and constitutes evidence in this case.  This statement

of facts is provided solely to assist the Court in determining whether a factual basis

exists for the defendant's plea of guilty.  The statement of facts does not contain

each and every fact known to the defendant and to the United States concerning the defendant's involvement in the charges set forth in the plea agreement.

When Alabama homeowners default on their mortgages, the lender or loan servicer can institute foreclosure proceedings through a non-judicial public foreclosure auction ("public auction"). These public auctions typically take place at the county courthouse. At the public auction, an auctioneer places the opening bid. Bidders are expected to bid against each other in increasing amounts. The auctioneer sells the property to the bidder offering the highest purchase price. Proceeds from the sale are then used to pay off the mortgage and other debt attached to the property. Any remaining proceeds are paid to the homeowner.

For the purposes of this Factual Resume, the "relevant period" is that period beginning at least as early as June 2003 and continuing until at least February 2010. During the relevant period, the defendant was engaged in the business of buying real estate at public auctions in the Southern District of Alabama and rehabilitating, renting or selling the foreclosure properties for a profit.

In February 2015 and May 2015, the parties executed written agreements that tolled the statute of limitations for the charged offenses. The defendant now waives the right to raise any defense or objection based on the statute of limitations or any statutory or constitutional right to a speedy trial.

3

## COUNT ONE

During the relevant period, the defendant agreed to refrain from bidding against one or more other potential bidders at public auctions in order to suppress or eliminate competition at the public auctions, and to obtain title to foreclosure properties at a suppressed price ("rigged foreclosure properties").

For example, in June 2003, the defendant agreed not to bid against at least three other co-conspirators at the public auction for a residential property located in Mobile, Alabama. The mortgage subject to the foreclosure auction was held by LaSalle Bank, N.A., as Trustee for Certificate holders of EMC Mortgage Loan Trust Series 2001-A. There was also a second secured mortgage on the property that was held by Commercial Credit of Alabama, Inc., in the amount of $16,855.16.

Before the public auction at the Mobile County courthouse, the defendant and his co-conspirators indicated to each other their interest in purchasing the property and agreed not to bid against each other. One co-conspirator was designated by the group to bid on the property at the public auction. The designated co-conspirator was the highest bidder at $23,755.00. None of the other co-conspirators competed against the designated co-conspirator at the public auction at the Mobile County courthouse in order to artificially suppress the public auction price. Part of the proceeds of the public auction was sent to Irving, Texas,

to satisfy the balance of the first mortgage. After satisfying the first mortgage, there was no money left from the proceeds of the public foreclosure auction sale. As a result of the suppressed auction price caused by the defendant and his co-conspirators, the subordinate mortgage held by Commercial Credit of Alabama, Inc., was left unpaid.

After the public auction, the defendant and his co-conspirators met in or near the Mobile County courthouse and determined who would take title to the property and who would receive payoffs. The defendant's co-conspirator, Lawrence Stacy, took title to the property. The defendant and three co-conspirators received payoffs from Stacy via checks.

## COUNT TWO

During the relevant period, the defendant and his co-conspirators conspired to knowingly devise and participate in a scheme to defraud financial institutions, homeowners, and others with a legal interest in rigged foreclosure properties, and to obtain money and property by materially false and fraudulent pretenses, representations or promises. The conspirators executed the scheme to defraud by, among other things: 1) agreeing not to bid against one another at the public auctions; 2) purchasing auctioned real estate at a lower price than would have been possible during a competitive auction process; 3) making payoffs to co-conspirators to obtain title to selected real estate at fraudulently suppressed prices;

5

4) receiving payoffs in exchange for not bidding to allow title to selected real estate to be obtained at fraudulently suppressed prices; 5) causing fraudulently suppressed purchase prices to be reported and paid to financial institutions and others with a legal interest in select properties; and 6) making and causing to be made material false and fraudulent pretenses to trustees and others involved in the auction and sale of the foreclosed properties.

The defendant and others, for the purpose of executing or attempting to execute the scheme to defraud described above, knowingly used and caused to be used the United States Postal Service or private or commercial interstate carriers. For example, in April 2007, the defendant and six other co-conspirators agreed not to bid against each other at a public auction for a single-family house in Mobile, Alabama. Co-conspirator Robert Brannon was the highest bidder at the public auction on behalf of his company, conspirator J & R Properties, LLC. Defendant Barbour and his co-conspirators conducted a secret, second auction where co-conspirator Harold Buchman won title to the property as the highest bidder. Buchman made payoffs totaling $9,978.00 to the five other conspirators who rigged the auction, including a $2,424.00 payoff to defendant Barbour. J & R Properties, LLC, subsequently transferred title of the property to Buchman's company (defendant M & B Builders, LLC), via a Warranty Deed.

6

Following the public auction, the trustee sent a check in the amount of the artificially suppressed public auction price to the mortgage holder.  The trustee sent the check from Huntsville, Alabama, to Cincinnati, Ohio, via Federal Express. Mailings such as these were knowingly caused by the defendant and his co-conspirators and were foreseeable to the defendant and his co-conspirators in the ordinary course of business.

AGREED TO AND SIGNED.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

Date: 8/7/2015

/S/ _____
Deana L. Timberlake-Wiley
Trial Attorney
Antitrust Division
United States Department of Justice
Deana.Timberlake-Wiley@usdoj.gov

/S/ _____
Susan A. Musser
Trial Attorney
Antitrust Division
United States Department of Justice
Susan.Musser@usdoj.gov

7

Date: 8/21/15

/S/ *Michael P. Barbour*
Michael P. Barbour
Defendant


Date: 8/26/15

/S/
Neil S. Hanley
Attorney for Defendant
nhlawoffice@gmail.com

8